UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DORREEN ALLEN** | Case Number |
| **Plaintiff** | CIVIL COMPLAINT |
| vs. | |
| | JURY TRIAL DEMANDED |
| **SUNRISE CREDIT SERVICES, INC.** | |
| **Defendants** | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Dorreen Allen, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Dorreen Allen, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant, Sunrise Credit Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and for violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Dorreen Allen, (hereafter, Plaintiff), is an adult natural person residing at 1068 Evergreen Drive, Pittsburgh, PA 15235. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Sunrise Credit Services, Inc., at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with a primary location at 260 Airport Plaza Boulevard, Farmingdale, NY 11735.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or around March 29, 2013, Plaintiff received a phone call from Defendant's agent, "Juliana" attempting to collect on an alleged Treasure Lake Home Owner's Association debt.

8. Plaintiff is said to owe approximately $5,613.48.

9. Defendant's agent "Juliana" immediately warned Plaintiff that this was her "final courtesy call" and Defendant was willing to settle the alleged debt for approximately $4,700.00.

10. Defendant's agent "Juliana" continued to advise Plaintiff that payment would only be accepted that day.

11. Plaintiff informed Defendant's agent "Juliana" that she has never received a letter from Defendant and asked how she was suppose to know she truly owed the alleged debt.

12. Defendant's agent "Juliana" alleged that Defendant mailed three letters to Plaintiff since February 2013, however, Plaintiff did not receive them.

13. At that time, Defendant's agent "Juliana" stated that she was looking at Plaintiff's credit report and noticed that she has a bank card with approximately $6,400.00 in available funds.

14. Plaintiff asked Defendant's agent "Juliana" how she knew that personal information.

15. Defendant's agent "Juliana" stated that it was her job to know.

16. At that time, Defendant's agent "Juliana" demanded Plaintiff make a payment with the available funds on her bank card.

17. Plaintiff explained to Defendant's agent "Juliana" that she has other expenses and cannot afford to make a payment with the bank card at this time.

18. Defendant's agent "Juliana" stated that Plaintiff has impeccable credit and was sure that Plaintiff would want to use her credit in the future.

19. Defendant's agent "Juliana" threatened Plaintiff by stating Defendant would place a lien on Plaintiff's primary property resulting in Plaintiff's credit being ruined for the next seven (7) to ten (10) years.

20. Unable to bear the harassment any longer, Plaintiff demanded to know what Defendant's agent "Juliana's" title was.

21. Defendant's agent "Juliana" alleged her title was "Assistant Manager".

22. At that time, Plaintiff requested to speak to Defendant's agent "Juliana's" manager.

23. Defendant's agent "Juliana" stated that her manager "Ms. Davis" was right behind her and at that time transferred the call to Defendant's agent "Allison Davis".

24. Defendant's agent "Allison Davis" stated that she was a "Group Manager" and Plaintiff would need to pay approximately $4,700.00 that day or she would have to pay the balance in full plus attorney's fees.

25. Plaintiff explained that she could not afford a payment that high due to payments for her child's school tuition.

26. Defendant's agent "Allison Davis" rudely stated that if Plaintiff can afford private school for her child than she should be able to pay the alleged debt.

27. Defendant's agent "Allison Davis" continued to state that the offer only stands that day and will be transferred to the legal department if not paid.

28. Unable to bear the harassment any longer, Plaintiff hung up on Defendant's agent "Allison Davis".

29. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### **COUNT I – FDCPA**

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was allegedly incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence is to harass, oppress, or abuse any person |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt. |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken. |

| | | |
|---|---|---|
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt. |
| §§ 1692f(6) | | Taken or threatened to unlawfully repossess or disable the consumer's property. |
| §§ 1692g | | Failure to send the consumer a 30-day validation notice within five days of the initial communication. |
| §§ 1692g(b) | | Collector must cease collection efforts until debt is validated. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

36. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

37. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

38. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

39. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

40. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

41. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

43. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

44.    The foregoing paragraphs are incorporated herein by reference.

45.    Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

46.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

47.    The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

48.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

49. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendants violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: April 22, 2013**

**BY: _/s/ Brent F. Vullings BFV8435_**
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff